
FILED

JUN 07 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CANDI-LEE WEEKS,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY F. JOHNSON; BILL DIAL; KRISTI CURTIS; KEVIN CONWAY; SHANE ERICKSON; CHASE GARNER; CHUCK STEARNS; BRIDGER KELCH; JOHN MUHFELD; BILL HILL; and BRIAN CARTER,<br><br>Defendants.. | CV 16-161-M-DLC-JCL<br><br>ORDER |

Plaintiff Candi-Lee Weeks has filed a motion for entry of default judgment as against Hills Brothers Towing. Plaintiff has not named Hills Brothers Towing as a Defendant, however, and has instead named Bill Hill as an individual. Because Bill Hill's default has not been entered, the Court construes Plaintiff's motion as request for entry of default under Fed. R. Civ. P. 55(a).

Under Fed. R. Civ. P. 4(e)(1) service on an individual may be made

1

pursuant to the law of the state in which the district court is located. Under Montana Rule of Civil Procedure 4(e), an individual "must be served by either: (1) delivering a copy of the summons and complaint to the individual personally; or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process." Mont. R. Civ. P. 4(d)(3)(A) provides that a summons and complaint may be served by mailing "the following to the person to be served: (i) a copy of the summons and complaint; (ii) two copies of a notice and acknowledgment conforming substantially to form 18-A; and (iii) a return envelope, postage prepaid, addressed to the sender."

Alternatively, under Fed. R. Civ. P. 4(e)(2), an individual may be served "by doing any of the following: (A) delivering a copy of the summons and complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

On March 23, 2017, Plaintiff filed "Proof & Declaration of Service." (Doc. 18). She has provided a Proof of Service form, indicating that a copy of the summons was served on a person designated by law to accept service of process on behalf of Hills Brothers Towing. (Doc. 18, at 4). She also states that she

2

mailed a copy of the summons and complaint to Hills Brothers Towing and has provided a certified mail receipt. (Doc. 18, at 2-3).

These materials are not sufficient for purposes of establishing service of process on Bill Hill pursuant to Fed. R. Civ. P. 4(e), even to the extent it incorporates Mon. R. Civ. P. 4(d)(3)(A) and (e). Because Plaintiff has not established that Defendant Bill Hill was properly served in accordance with Fed. R. Civ. P. 4(e),

IT IS ORDERED that the Clerk of Court shall not enter Bill Hill's default until the requirements of Fed. R. Civ. P. 55(a) are satisfied. It is further ordered that Plaintiff's motion for entry of default judgment against Hills Brothers Towing is DENIED.

DATED this 7th day of June, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

3